UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 10-11972-DHW
                                                                         Chapter 13
Betty J. Cunningham,

    Debtor.

## MEMORANDUM OPINION

Currently before the court is debtor's objections to amended claims #6 and #7 of the Bank of Jackson County (hereinafter "Bank). Debtor claims that the Bank's claims should be barred by the equitable doctrine laches. Upon consideration of the claims and objections filed, as well as the facts stipulated by the parties, the objections will be overruled.

### Jurisdiction

The court's jurisdiction in this proceeding derives from 18 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this matter concerns an objection to a claim, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), thereby extending this court's jurisdiction to the entry of a final order of judgment.

### Factual Findings

Counsel for the parties have filed a joint stipulation of undisputed facts (Doc. # 79). The Court adopts those facts as the facts in this case and summarizes them as follows.

The Bank filed two secured claims in debtor's case on November 1, 2010. Debtor executed a deed-in-lieu of foreclosure to transfer the property back to the creditor in December 2010. The Bank placed a "For Sale" sign on the premises and listed the house for sale with a realty company, however, the home is in poor condition and in need of extensive repairs. So although it has been shown to several prospective buyers, the home has not sold.

On April 4, 2013, the court approved debtor's application to approve settlement on a personal injury claim. The net proceeds from the settlement will be enough to pay off the entire balance of debtor's chapter 13 case. Upon receiving notification of the proceeds, the Bank amended its claims to unsecured claims in the original amount. Debtor objects to the amended claims because the Bank never sold the collateral. Debtor maintains that the Bank's delay in disposing of the collateral was prejudicial to her and should therefore be barred by the doctrine of laches.

LEGAL CONCLUSION

To prevail on the defense of laches, the debtor must "establish that there was a delay in collection of the debt that cannot be excused and that prejudiced the [debtor]." *In re Baggett Bros. Farm, Inc.*, 315 Fed. Appx. 840, 843 (11th Cir. 2009). In order to determine whether laches applies requires "a careful examination of both the delay and the prejudice caused by that delay." *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1517 (11th Cir. 1984). The delay must be inexcusable and unreasonable with respect to the circumstances of the individual case and the court should consider justification offered for the delay. *Commercial Union Ins. Co. V. SEPCO Corp.*, 300 F. Supp. 2d 1198, 1208-1209 (N.D. Ala. 2004). Laches should not bar an objection where the parties act in good faith and the delay is not unreasonable. *See id.*

In this case, the Bank's delay in selling the collateral has not been shown to be unreasonable. According to the undisputed facts, the Bank has had the property listed for sale with a realtor. The property has been shown to several prospective purchasers, but still has not sold. The court finds that the delay in selling the property under these circumstances is reasonable and excusable. Therefore the amended claims filed by the Bank are not barred by a laches defense.

CONCLUSION

For these reasons an order will be entered separately overruling the debtor's objections to the Bank's amended claims.

Done this the 23rd day of September 2013.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Rafael Gil, Attorney for Debtor
Creditor
Dow T. Huskey, Attorney for Creditor
Whit L. Huskey, Attorney for Creditor
Trustee